Copies to: Judge
AUSA - Special Proceedings
Dft.

Phillip Eric Duckett               Crim No. 1124-66
DCDC #148-013/C3A #03              (Judge, Keech)
Fed. Reg. # 38341-133
1901 - E. Street, S.E.
Washington, D.C. 20003              **FILED**
September 04, 2013

SEP - 5 2013

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

---

Affidavit of Phillip E. Duckett
In Support of Motion To Vacate,
Set Aside, Or Correct Sentence
Pursuant to 28 U.S.C. § 2255 et al

Comes Now, Affiant, Phillip Eric
Duckett, in pro-se and submits
his affidavit in direct and
substantial support of his Motion
to vacate, Set Aside Or Correct
Sentence, pursuant to 28 U.S.C.
§ 2255 et. al. In the United States
District Court For The District of
Columbia, Washington, D.C. 20001.

— 1 —

RECEIVED
Mail Room

SEP - 5 2013

Angela D. Caesar, Clerk of

The following information is being submitted in support of Affiant's Motion to Vacate, Set aside Or Correct Sentence, pursuant to 28 U.S.C. §2255 et al.

All statements and information are true and correct to the best of Affiant's ability, knowledge, understanding and beliefs:

This declaration is made on penalty of perjury, pursuant to 28 U.S.C. §1746(b).

(1.) Affiant declares, that he is the person identified in the caption of this instant affidavit.

(2.) Affiant declares, that he is presently living at 1901-E.Street, S.E. Washington, D.C. 20003.

(3.) Affiant's declares, that his incar-
ceration is a result of a parole
violation allegations issued in
October, 2012, and executed on
January 16, 2013, in the District of
Columbia, Washington, D.C..

(4.) Affiant declares, that the Constit-
utional issue before this Court
is whether defense counsel rendered
ineffective assistance of Counsel to
his client at the sentencing hearing
of December 15, 1967, before Judge
Keech.

(5.) Affiant declares, that the appropriate
jurisdiction in this case is based
upon 28 U.S.C. § 2255(a)(2011),
and two convictions in the United
States District Court For The
District of Columbia, Washington,
D.C., Case Numbers: #880-67, and
Case Number: #1124-66.

-3-

(6.) Affiant declares, that the instant issue against trial Counsel, Mr. M. Michael Cramer, and Mr. Daniel C. Grove, because the records will show that both councils, failed to properly represent affiant at his sentencing hearing of December 15, 1967, against the imposition of an ambiguous and illegal sentence imposed.

(7.) Affiant declares, that at sentencing the Court imposed an ambiguous sentence. And that both counsilors, including, but, not limited too the United States Attorney, failed also to request an immediate clarification. So, that the sentence would be clear as to its operation being "consecutive and or concurrent." Here, the records stongly show that the Court, made the omission and that both defense council, were present and

— 4 —

that the Assistant U.S. Attorney was
present at this very important
"critical stage of the prosecution."
And no one heard the judge's
oral pronouncation of an ambig-
uous and illegal sentence.

(8.) Affiant declares, that the Court's
phraseology "to run consecutively with"
at the sentencing hearing of December
15, 1967, created sentence-ambiguity.
Indeed, there is ambiguity in using
the word "with" in connection with
the word "consecutively" because the
more standard usage is "consecutively
to" or "concurrently with" Thus, an
unclear, ambiguous, and illegal
sentence was imposed by the
Court, and Affiant, was denied
due process. See, United States v.
Villano, 816 F. 2d 1448, at 1457 (10th
Cir. 1987)("An excellant case concern-
ing the phrase "consecutively with").

-5-

(9.) Affiant declares, that the under-
lying issue is "whether there is any
legitimate basis for a claim that
the scope of the sentence admini-
stered by the Court, is in doubt."
What is the intent of The Court?

(10) Affiant declares, that he recently
discovered that his sentences were
illegally imposed, in (1967). He
also discovered that at least two
others of his sentences were also,
ambiguously imposed. These terms
were imposed in (1967), (1969),
and in (1984). Affiant, is almost
(70) years old and he has served
approximately (43) years of in-
carceration, on a computed sentence
of (47) years and (360) days. Affiant
has spent only about (5) years
of that sentence on parole. Part
of his sanctions for violating
parole was the loss of street time
under the Noble Act of 1997.

—6—

(11.) Affiant declares, that his sentence is extended because of the Noble Act of 1997, But, however, affiant, would not being serving any of this time now, had the Courts imposed his sentences in compliance with the law. See, Rule 32(b)(1), Fed. R. Crim. Pro..

(12.) Affiant declares, that because of the length of the Constitutional violation, affiant, has been subjected to Cruel and Unusual Punishment in direct and substantial violation of his Eighth Amendment rights. And that the sentences are in violation of Double Jeopardy.

(13.) Affiant declares, and the records show that both defense counsels, never filed any sentence reduction motions or any motions objecting to or challenging, the ambiguous and illegal sentence under Rule 35(a) or (b), Fed. R. Crim. P., (1970).

(14.) Affiant declares, that neither counsel reviewed or investigated the sentence when it was imposed or thereafter, for purposes of complying with the law.

(15.) Affiant declares, that even the prosecution was "asleep" at this most important critical stage of prosecution, the sentencing process." It appears that the government failed to hear the imposition of the sentence as it was spoken by the Court, had he done so, he could have elected and requested a quick clarification by the Court. There is sufficient grounds for this contentions, since it was the prosecution's duty and responsibility to be sure that the sentences were within side the law. The same is to be said of defense counsel's strict duties as well.

— 8 —

(16.) Affiant declares, that because of the omissions, and the ambiguity of the sentence. The affiant, is not sure just what the sentencing intent of the Court was to Be. Here, the oral pronounciation and the written judgment and commitment order are identical.

(17.) Affiant declares, that it is incumbent upon a sentencing judge to choose his words carefully, so, that the defendant is aware of his sentence when he leaves the Court room. In this case, because of the uncertainty in the language used, the full extent of the sentence cannot be ascertained from the language used by the sentencing Court.

(18.) Affidavit here, clearly shows that affiant, had absolutely no criminal knowledge at all, at the time of the

(19) - imposition of the ambiguous
sentence in this case.
Affiant declares, that if, the
sentencing judge, the court reporter,
defense lawyers, and the prosecuting
attorney, cannot be contacted,
then it will be necessary to consult
a cold and revealing limited records.
And the application of the controlling
Law. ch. R oddy v. U.S., 296 F.2d 9 (10th
Cir. 1960), Strickland v. Washington,
466 U.S. 668 (1984), Rule 32(b)(1); and
Rule 35(a) and Rule 35(c) amendment
of (2004), Fed. R. Crim. Pro..

(20.) Affiant declares, that counsel's
omissions, was the result of un-
reasonable judgments. Here, counsel's
omissions had a direct impact on
his client's rights and due process.
Indeed, counsel's representations fell
below an objective standard of
reasonableness in this particular case.

(21.) Affiant declares, because defense counsel failed to represent his client at the sentencing hearing on a very important issue concerning affiant's life, counsel was more than deficient in his performance and the substantial prejudiced has been to deny affiant, a legal sentence with expectations of finality in the service of the sentence, and due process rights.

(22.) Affiant declares, that counsel's defective performance has resulted in affiant serving unnecessary time in prison beyond the sentences imposed by the sentencing Court. Here, double jeopardy concerns are seriously implicated, since affiant does not appear to have a finality in the service of his sentence, since (1) the sentence was ambiguous in it's pronunciation by the Court, and (2) –

– 11 –

because Defense counsels failed to object or request any correction or clarifications on the operation of the imposed sentence, "is the sentence to run consecutively to or concurrently with the sentence imposed in case number #159-66," There was absolutely, no clarity over agreement in this case.

(23.) Affiant declares, that in this case, there is a reasonable probability, but for counsel's errors, the result of the proceedings would have been different. Indeed, if the prosecution had requested clarification, the result of the proceeding would have been different. Such a request would have alerted counsel to what was happening and in turn the Court would have corrected the sentence, to run consecutive or concurrent as the Court's intent, would have been made clear for affiant, at the time of the sentencing.

(24.) Affiant claims and argues, that do to both counsel's omissions and unprofessional errors, the District Court violated the double jeopardy clause, when it imposed an ambiguous sentence upon affiant.

— 12 —

(25.) Affiant declares, that because of both counsel's omissions, the court imposed a sentence that was ambiguous that it failed to reveal it's meaning "with fair certainty." Indeed, affiant's challenge to his attorney's for failure to act, stemmed from this uncertainty as to the sentence meaning. A trial judge is obligated to give an intelligible sentence. Where he or she fails to do so, a speedy correction of the error, may avoid the necessity of re-sentencing but it does not erase the fact the judge has been careless and has created unnecessary confusion and perhaps created false expectations. See, Downey v. United States, 91 F.2d 223 (D.C. cir. 1937).

In conclusion, affiant prays, that this Honorable Court, will review the foregoing facts, reasons, understandings, beliefs, and information. Affiant declares, that all of the above is true and correct and made upon penalty of perjury. 28 United States Code § 1746(b).

Respectfully Submitted
Phillip Eric Duckett
DCDC #148-013/C3A #03
Fed.Reg #38341-133
In Pro-Se

Notary Public:

District of Columbia: SS
Subscribed and sworn to before me, in my presence,
this 3rd day of September, 2013
Danielle Zoller, Notary Public, D.C.
My commission expires March 31, 2018.

— 13 —